UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES ROSE,<br><br>                  Plaintiff,<br><br>     v.<br><br><br>ANDERSON HAY AND GRAIN COMPANY,<br><br>                  Defendant. | NO:  CV-10-055-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction, Ct. Rec. 11.  In his complaint, Mr. Rose, plaintiff, claimed federal subject matter jurisdiction solely pursuant to 49 U.S.C. §31105 (Complaint at 1; Ct. Rec. 1 at 1). Defendant Anderson Hay and Grain argues that 49 U.S.C. §31105(b) grants jurisdiction of initial complaints to the Secretary of Labor and *de novo* review to district courts only if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint with the Secretary of Labor (Ct. Rec. 11 at 2 (citing 49 U.S.C. §31105(c)).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

## Applicable Law

Federal courts are courts of limited jurisdiction. U.S. Const. Art. III, sec. 1. It is well settled law that Congress has the power to determine the subject matter jurisdiction for lower federal courts, such as district courts. *See e.g., Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) ("only Congress may determine a lower federal court's subject-matter jurisdiction"). In matters involving complaints about retaliation in violation of 49 U.S.C. §31105, such as the allegations contained in Mr. Rose's complaint, Congress expressly granted initial jurisdiction to the Secretary of Labor, instead of to district courts. 49 U.S.C. §31105(b). Congress granted district courts subject-matter jurisdiction in 49 U.S.C. §31105 only in cases in which the Secretary of Labor fails to issue a final decision within 210 days after the filing of the complaint with the Secretary of Labor and the delay is not due to the employee's bad faith. 49 U.S.C. §31105(c).

## Discussion

In this case, Mr. Rose has relied on 49 U.S.C. §31105 for the sole basis of federal court subject matter jurisdiction (Ct. Rec. 1 at 1). However, there is no allegation that Mr. Rose had ever filed an initial complaint with the Secretary of Labor. Therefore, under 49 U.S.C. §31105(b) and (c), this Court does not have subject matter jurisdiction over this matter, and this matter must be dismissed.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

Accordingly,

**IT IS SO ORDERED**:

1. Defendant's Motion to Dismiss, **Ct. Rec. 11**, is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED** without prejudice.

The District Court Executive is directed to enter this enter, enter judgment as outlined above, and **CLOSE** this case.

**DATED** this 6th day of August, 2010.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3